Ricky OUTLAW, Petitioner–Appellant,

v.

Rondle ANDERSON, Respondent–Appellee.

No. 01–2449.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 14, 2001.*

Decided Dec. 14, 2001.

Rehearing En Banc Denied Jan. 23, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Indiana prisoner Ricky Outlaw was charged with battery for spitting food in a prison guard's face. A Conduct Adjustment Board ("CAB") found Outlaw guilty and sanctioned him with one year in disciplinary segregation and a demotion in credit-earning class. After exhausting available state remedies. Outlaw filed a petition in district court seeking relief under 28 U.S.C. § 2254. The district court denied Outlaw's petition, and Outlaw appeals. We affirm.

■■■■ Outlaw was demoted from credit-earning class II to credit-earning class III, which means that he will earn good time credits more slowly and, consequently, that his term of incarceration will be longer than it would have been had he not been sanctioned by the CAB. Indiana must afford a prisoner due process before punishing him with a demotion in credit-earning class. *Montgomery v. Anderson*, 262 F.3d 641, 642 (7th Cir.2001). Due process mandates that prisoners receive certain mini-mal procedural safeguards at a disciplinary hearing, including advance written notice of charges, an opportunity to present witnesses and documentary evidence, and a written statement of the evidence and reasoning supporting any disciplinary action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The findings of the CAB must also be supported by "some evidence" in the record. *Id.*

■■■■ Outlaw argues that the CAB violated his due process rights by denying his request for a continuance to "obtain evidence for reasons of a defense." Due process requires that an inmate receive twenty-four hours' written notice of the charges he will face at his hearing. *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir.1997). Outlaw received the requisite twenty-four hours in which to plan his defense. The record of his hearing contains no evidence that he actually requested a continuance. Even if he made such a request, however, Outlaw did not have a constitutional right to a continuance. *Sweeney*, 113 F.3d at 719. Moreover, Outlaw has failed to demonstrate that he suffered harm as a result of the CAB's denial of a continuance.

■■■■ Outlaw also claims that the CAB denied him his right to present witnesses. Due process requires that prison officials grant inmates' *timely* requests for witnesses. *Sweeney*, 113 F.3d at 720. Outlaw had the opportunity to request witnesses at his screening hearing when he received notice of the charge against him, and he failed to do so. *See id.* The record shows that Outlaw attended his screening but refused to cooperate; he instead repeated only that he wanted to see a doctor. The record does not show, nor has Outlaw asserted, that he subsequently received medical treatment or suffered from a med-

ical condition that prevented him from participating in the screening. Outlaw waited until his hearing to state his desire for witnesses, but even at that time he was unable to name witnesses who could testify on his behalf. The CAB was justified in denying this belated request for witnesses. *See id.* (prison officials may summarily deny "day-of-hearing" requests for witnesses because of potential disruption to the institution's disciplinary process).

■ Outlaw further argues that the CAB's findings were not supported by "some evidence" because the statements of two officers. Jones and Kruper, conflicted with the conduct report of the battery incident, written by Sergeant Hunter. *See Hill*, 472 U.S. at 455. But the "some evidence" standard does not require federal courts to assess the credibility of witnesses or weigh the evidence that the CAB considered. *Sweeney*, 113 F.3d at 720. "The relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id.* Furthermore, the "conflict" that Outlaw points out in the evidence is immaterial. According to Officer Jones's statement, Outlaw took a bite of a sandwich and "spit it *on* Sgt. Hunter" (emphasis added). According to Officer Kruper's statement, Outlaw "was spitting *at* Sgt. Hunter" (emphasis added). In the conduct report, Sergeant Hunter states that "Outlaw spit food *in* my face" (emphasis added). All three officers confirm that Outlaw committed battery on Sergeant Hunter by spitting food. Outlaw's argument that the use of different prepositions in different statements undermines the evidence against him is frivolous.

The judgment of the district court is AFFIRMED.